UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| In re: | ) |
| | ) |
| SHEREE ASHLEY | ) Case No. 06-10072-SSM |
| | ) Chapter 7 |
| Debtor | ) |

**MEMORANDUM OPINION AND ORDER**

Before the court is the debtor's request for deferment of the credit counseling requirement under § 109(h) of the Bankruptcy Code. Because the request does not satisfy the statutory requirements, the court must regretfully dismiss the case. However, such dismissal is probably in the debtor's best interest at this time, because the present case was filed less than eight years since her prior chapter 7 case, and she would not be eligible to receive a discharge in this case.

Background

Sheree Ashley filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code in this court on February 3, 2006. With her petition, she filed schedules reflecting only one debt ($1,000 owed to the electric company). Her petition reflects that she had previously filed a chapter 7 case in the Northern District of Illinois some years back. The electronic docket maintained by that court reflects that she filed a chapter 13 bankruptcy petition on September 22, 1998; that her case was converted to chapter 7 on October 6, 1998; and that she received a discharge on May 8, 1999. *In re Sheree Ashley*, No. 98-29820 (Bankr. N.D. Ill.). According to her schedules and her request for waiver of the filing fee,

she has no real estate or automobile and is currently unemployed.[1]  Her petition reflects that she did not obtain credit counseling prior to the filing of the petition.  In her request for deferment of the counseling requirement, she states that she "did not know anything about the credit counseling class being a new requirement" but offered to take the class within the next three business days.  The request does not state that the filing of the bankruptcy petition was the result of any unforseen or urgent circumstances that required immediate filing.

Discussion

A.

The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub.L. 109-8 ("BAPCPA") enacted a number of significant changes affecting individual bankruptcy cases.  One of these is the requirement, in order to be eligible for bankruptcy relief, an individual debtor must, within the 180-day period before filing a bankruptcy petition, receive from an approved nonprofit budget and credit counseling agency "an individual or group briefing (including a briefing conducted by telephone or on the Internet) that outlined the opportunities for available credit counseling and assisted such individual in performing a related budget analysis." § 109(h)(1), Bankruptcy Code.  There is an exception if the debtor files with the court a certificate that "describes exigent circumstances that merit a waiver of the [counseling requirement]" *and* states that the debtor requested credit counseling services from an approved agency but was unable to obtain such services within 5 days of the request *and* the certificate "is satisfactory to the court." § 109(h)(3)(A),

---

[1] By separate order, the court has granted her request for waiver of the filing fee.  28 U.S.C. § 1930(f).

Bankruptcy Code. If all three of those requirements are met, the court can grant the debtor a 30-day extension of time to obtain the counseling. § 109(h)(3)(B), Bankruptcy Code.

In this case, it is doubtful that the debtor has satisfied the first requirement, since she has not really set forth "exigent" circumstances in the ordinary sense of that word, which means "requiring immediate aid or action." Webster's Ninth New Collegiate Dictionary 434 (1985). But even if the debtor could show that immediate filing was necessary, the debtor must also be able to state that *prior to filing* she requested credit counseling and was unable to obtain it within five days. § 109(h)(3)(A)(ii); *see In re Watson,* 332 B.R. 740 (Bankr. E.D. Va. 2005). In the absence of such a certification, the waiver cannot be granted, even if the debtor (as appears to be the situation here) was honestly unaware of the requirement and is prepared to cure the deficiency promptly . Accordingly, the court has no choice except to dismiss the case.

B.

Dismissal may nevertheless be in the debtor's best interests. Among the other changes made by BAPCPA was to increase the period between chapter 7 discharges. Specifically, a debtor is ineligible to receive a chapter 7 discharge if he or she has been granted a chapter 7 discharge "in a case commenced within 8 years before the date of the filing of the petition." § 727(a)(8), Bankruptcy Code. The debtor's prior case was "commenced" on September 22, 1998, when she filed her chapter 13 petition. The conversion from chapter 13 to chapter 7 did not change the commencement date of the case. § 348(a), Bankruptcy Code. Thus, the earliest the debtor can file a new chapter 7 case (if

she wishes to receive a discharge) is 8 years from September 22, 1998, or September 22, 2006.[2]

O R D E R

For the reasons stated, it is

**ORDERED:**

    1.  The request for waiver of the pre-filing credit counseling requirement is denied.

    2.  This case is dismissed.[3]

    3.  The clerk will mail a copy of this order, or give electronic notice of its entry, to the parties listed below.

Date: _____  
Alexandria, Virginia

_____  
Stephen S. Mitchell  
United States Bankruptcy Judge

---

[2] Technically speaking, a person can file a chapter 7 case even if he or she would not be entitled to receive a discharge. But there would be no point in doing so.

[3] The dismissal of the case is without prejudice to refiling. But the debtor should be aware of another change made by BAPCPA. Specifically, if she files another bankruptcy case within <u>one year</u> of the entry of this order, the automatic stay against creditor actions will expire <u>30 days</u> after the new case is filed <u>unless</u>, within that 30-day period, she files, and the court grants, a motion to extend the automatic stay beyond the 30 days based on a finding that the new case was filed in good faith. § 362(c)(3), Bankruptcy Code.

Copies to:

Sheree Ashley
12903 Fair Briar Lane
Fairfax, VA  22033
Debtor *pro se*

Richard A. Bartl, Esquire
Tyler, Bartl, Gorman & Ramsdell, PLC
700 S. Washington St., Suite 216
Alexandria, VA  22314
Chapter 7 trustee

Dennis Early, Esquire
Assistant United States Trustee
115 South Union Street, Suite 210
Alexandria, VA  22314